### In re DISBARMENT of DILL

No. 14044—Opinion Filled Oct. 14, 1924.

(Syllabus.)

1. **Attorney and Client—Disbarment Proceeding—Judgment on Plea of Guilty on Default of Answer.**

When a proceeding is properly begun in

this court charging an attorney at law with the commission of an act violative of his duties as such attorney, and the accused pleads guilty or fails to answer, this court will proceed to render such judgment as the case requires.

**2. Same—Evidence Justifying Disbarment.**

Evidence and statement of defendant examined, and held, that license of defendant to practice the profession of the law within this state be revoked.

Proceedings by the State Bar Commission for the disbarment of W. H. Dill. Respondent disbarred.

Ben Williams. for proponent.

W. H. Dill, for respondent.

GORDON, J. This is an original action instituted in this court by the Bar Commission of the state seeking the disbarment of the defendant. The petition alleges the power and duty of the plaintiff in the premises and that the defendant is an attorney at law, admitted to practice in the courts of the state of Oklahoma. It alleges, further, in substance, that in the course of the trial of a certain cause within the Twenty-Second judicial district of this state, during the year 1921, the defendant, being interested in the outcome of the litigation, furnished intoxicating liquors to the trial judge, and, at the instance of said judge, purchased an interest in the subject-matter of the litigation to be held for the use and benefit of said trial judge. The defendant, in his response, admits the truth of these charges. He claims in mitigation that he was induced to do the things charged against him by the persuasion of the judge. He realizes now the enormity of his offense against the law and his profession, but feels that this court should take into consideration the fact that the litigation in which he was interested was pending before this judge; that defendant, in his eagerness for success in his lawsuit, did not realize the extent of his transgression, and, being a litigant in the court, realized that a failure to comply with the suggestion of the judge would cause defeat to him in the trial.

We are not unmindful of the serious situation in which defendant found himself with this judge, but it is only in such serious cases that an attorney is called upon to exhibit his true appreciation of the honor and ethics of his profession by suffering, if need be, financial loss in order to uphold the same. In our opinion, it would be an injustice to the bar of the state for this court to take any other action than to adjudge that the defendant be disbarred from the practice of law within this state. and this is hereby done and the license of the defendant to practice within the state of Oklahoma is hereby revoked.

McNEILL, C. J., and NICHOLSON, HARRISON, and JOHNSON, JJ., concur.